## Richmond

STATE BOARD OF PHARMACY v. GABRIEL KAVADIAS.

June 14, 1971.

Record No. 7509.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Anthony F. Troy, Assistant Attorney General (Andrew P. Miller, Attorney General; T. J. Markow, Assistant Attorney General,* on brief), for appellant.

*Melvin J. Madin, for appellee.*

Per Curiam.

After a hearing, the State Board of Pharmacy found that Gabriel Kavadias had allowed a non-pharmacist to fill prescriptions in violation of § 54-475 of the Code of Virginia and revoked Kavadias's certificate of registration as a pharmacist for one year.

Kavadias, a licensed pharmacist, was present in the pharmacy when the non-pharmacist filled the prescriptions. Kavadias was president of the corporation that owned the pharmacy, but he was not licensed as the pharmacy's pharmacist-in-charge.

On appeal, the Corporation Court of the City of Norfolk set aside the Board's revocation order, holding (in part) that Kavadias "[was] not the 'pharmacist in charge' of the pharmacy in question and therefore was not responsible for the conduct of any person employed by such pharmacy". The Board appeals to this Court from that order.

We affirm. The Regulations of the Board of Pharmacy provide that "[i]n a case where a pharmacy is owned and operated by a person other than a pharmacist [as was true in this case], the permit will only be issued in the name of the designated pharmacist in charge, and on his affidavit that the pharmacy will be operated in accordance with the provisions of law". Va. State Bd. of Pharmacy Reg. 5.3 (1968). The Attorney General could point to no Regulation, and we can find no Regulation, that permits the Board to revoke the license of a pharmacist who is not a pharmacist-in-charge merely because of the conduct of other persons employed by a pharmacy.

*Affirmed.*